# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

Lyle W. Cayce
Clerk

No. 10-50064
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO JOSE PAEZ-ROCHA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2626-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eduardo Jose Paez-Rocha appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. He asserts that his attorney rendered ineffective assistance of counsel by failing to request a variance or downward departure on the basis of cultural assimilation. Paez-Rocha argues that the record supports that a variance or downward departure likely was warranted in light of his familial and cultural ties to the United States, the duration of his presence in the United States, and his limited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history. He contends that counsel's failure to request a variance or downward departure precluded the district court from considering whether sentencing leniency was warranted on the basis of cultural assimilation.

Claims of ineffective assistance of counsel usually "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). Absent a record, an appeals court may have no way to know if a "seemingly misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Moreover, without factual development, an appellate court may not be able to determine if an alleged error was prejudicial. *Id.*

Although we do not have counsel's reasons for failing to request a variance or a downward departure, we conclude that this case presents the unusual case in which it is proper to consider a claim of ineffective assistance on direct appeal because the record supports that a motion for a variance or downward departure on the basis of cultural assimilation would not have been successful. The district court opted to impose a within-guidelines sentence despite having before it the necessary facts to decide whether a variance or departure was warranted based upon Paez-Rocha's cultural assimilation. The facts relating to Paez-Rocha's cultural assimilation were clearly delineated in the PSR, which the district court adopted, and counsel and Paez-Rocha both mentioned Paez-Rocha's cultural assimilation in their allocutions. Further, before pronouncing sentence, the district court specifically identified cultural assimilation as a basis for a variance or departure and indicated that it had considered Paez-Rocha's cultural assimilation in its sentencing decision. Most significantly, although the court noted that counsel should have moved for a variance or departure on the basis of cultural assimilation, the court expressly stated that, if counsel had made

such a motion, it would not have been granted. Thus, we conclude that the record shows that Paez-Rocha was not prejudiced by counsel's failure to request a variance or downward departure on the basis of cultural assimilation. *See* *Strickland v. Washington*, 466 U.S. 668, 694, 697 (1984).

The judgment of the district court is AFFIRMED.